**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **TYRUS YERBY, ADRIENNE WEBSTER,** on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **CITY OF RICHMOND, VIRGINIA,** <br><br> Defendant. <br><br> Serve: Allen L. Jackson, Esq. <br> City Attorney <br> Office of City Attorney <br> 900 E. Broad Street, Ste 400 <br> Richmond, VA 23219 | ) ) ) ) ) ) ) **Civil Action No. 3:19cv393** ) ) **JURY TRIAL IS REQUESTED** ) ) ) ) ) ) ) ) ) |

## COMPLAINT

COME NOW Plaintiffs Tyrus Yerby ("Yerby") and Adrienne Webster ("Webster") (collectively "Plaintiffs"), by counsel and pursuant to Federal Rule of Civil Procedure 8(a), and respectfully move for judgment against the City of Richmond, Virginia (the "Defendant, the "City," or the "City of Richmond") on behalf of themselves and all others similarly situated:

### INTRODUCTION

1. This is a putative collective action for unpaid overtime compensation brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq., (hereinafter "FLSA"), to correct and remedy the unlawful employment practices complained of herein.

2. Plaintiffs and similarly situated persons are or were employed by the Defendant City of Richmond in the City's Department of Finance. Plaintiffs and putative Plaintiffs hold or held job titles such as Administrative Assistant, Administrative Project Analyst, Contract

Specialist, Cashier, Tax Enforcement Officer, Account Specialist, Financial Regulatory Technician, Customer Service Representative, Customer Care Call Center Representative, and Tax Representative, amongst other job titles. Plaintiffs regularly work or worked more than forty (40) hours per workweek for the Defendant without receiving overtime compensation as required under the FLSA.

3. Plaintiffs and similarly situated persons fall into the category of employees who were required to work "off the clock." Plaintiffs, and those similarly situated, were employed by the City's Department of Finance in positions that were classified as non-exempt, who were nevertheless suffered or permitted to work uncompensated overtime hours in violation of the FLSA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331, because this is an action arising under the laws of United States, specifically, the Fair Labor Standards Act, 29 U.S.C. § 216(b).

5. This Court has personal jurisdiction over Defendant because the City has substantial contacts with and conducts business within the Commonwealth of Virginia.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the unlawful employment practices alleged herein were committed in the Eastern District of Virginia, and the City of Richmond operates and conducts business in and around the Eastern District of Virginia, which includes Richmond, Virginia.

## PARTIES

7. Yerby worked for the City of Richmond Department of Finance as an Administrative Project Analyst until June 11, 2018. He is a citizen of the United States and

currently resides in Chesterfield County, Virginia.

8. Webster worked for the City of Richmond Department of Finance as a Tax Representative until January of 2018. She is a citizen of the United States and currently resides in Chesterfield County, Virginia.

9. Defendant employs over 4,000 individuals in various departments, agencies and offices. Its Department of Finance, which employed Plaintiffs, handles personal and business taxes and licenses, parking tickets, real estate and utility taxes, animal licenses and various other financial matters.

10. Defendant was Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d) at all times relevant hereto.

## FACTS

### *Off the Clock Work by Employees Serving in Public Service Areas*

11. Yerby, Webster, and similarly situated Department of Finance employees were sometimes required to serve the public at call centers, "One Stop" offices, and/or cashier stations ("Public Service Areas"), where citizens and businesses called or stopped by to inquire about or pay for City tax assessments, licenses, fees and fines.

12. These Public Service Areas generally were open to the public on week days from 8:00 am until 5:00 pm.

13. Yerby, Webster, and similarly situated Department of Finance employees who were assigned to work in these Public Service Areas were required to arrive at work prior to 8:00 am so that they could prepare themselves to serve members of the public as soon as the doors opened at 8:00 am. This preparation time sometimes included logging into a computer, securing hardcopy files, answering emails, answering voice messages, returning calls, visiting the City's

safe to obtain a cash drawer, reconciling a cash drawer, and/or other related duties in preparation for opening the Public Service Areas in the morning.

14. Yerby, Webster, and similarly situated Department of Finance employees who worked in these Public Service Areas also were required to remain at work after 5:00 pm to complete their service to those members of the public who remained and/or to perform related closing duties. Only after 5:00 pm, or later if the public customer had departed or disconnected from the Public Service Areas after 5:00 pm, could these Plaintiffs complete their own daily job responsibilities, which sometimes included securing and storing hard copy files, answering emails, answering voice messages, returning calls, reconciling a cash drawer, visiting the City's safe to return a cash drawer, and other related duties to close the Public Service Area for the night.

15. Yerby, Webster, and similarly situated Department of Finance employees generally were not permitted to record into the RAPIDS time entry system their time worked prior to 8:00 am or after 5:00 pm if that time exceeded forty (40) hours of work in a single work week.

16. Yerby's supervisor told him, and other similarly situated employees, that they could work longer than 8:00 am to 5:00 pm, but they would not be paid for it.

17. Upon information and belief, Yerby and Webster, and similarly situated Department of Finance employees, sometimes attempted to enter their actual time worked into the RAPIDS system, but a supervisor rejected such time and instructed the employee to enter no more than a forty- (40-) hour work week into RAPIDS, despite the fact that the actual amount of time spent by the employee was greater than forty (40) hours in a week.

18. Yerby had his time rejected by his supervisor when he attempted to enter his

actual hours worked of more than 8 hours per day or more than 40 hours per week.

19. With limited exceptions, since late 2016, the Department of Finance generally has prohibited Yerby, Webster, and similarly situated Plaintiffs from recording, in the City's RAPIDS electronic timekeeping system, more than 40 hours in any one-week time period and/or more than eighty (80) hours in any two-week period, regardless of the number of hours of work they actually performed.

20. Upon information and belief, Yerby's, Webster's and similarly situated Plaintiffs' emails, work-related building access records, computer log-in records, City telephone records, and other City security records will demonstrate the number of unrecorded, unpaid hours those employees worked during the course of their employment with the City of Richmond.

### *Off the Clock Work during Lunch Breaks*

21. Upon information and belief, Plaintiffs, and those similarly situated, are or were required to record one-hour "lunch breaks" on their daily RAPIDS time entries, which time is or was deducted from the employees' shifts in order to prevent their number of recorded work hours from exceeding forty (40) per week.

22. Upon information and belief, each such recorded "lunch break" is or was deducted from the employee's shift, regardless of whether or not the affected employee actually takes or took an uninterrupted lunch break.

23. Yerby, Webster, and similarly situated Department of Finance employees, regularly performed the work required to respond to, communicate with and/or serve the public and or the City's businesses, during their recorded "lunch breaks."

24. Yerby's supervisor knew that Yerby and other similarly situated employees were not completely relieved of work during their unpaid "lunch break" hour.

25. Yerby, and similarly situated Plaintiffs, were told by their supervisor that it was "ok" to work through their lunch break because employees were permitted to take bathroom breaks throughout the work day and/ or an occasional ten- (10-) to fifteen (15-) minute break during the day.

26. Bathroom breaks and/or ten- (10-) to fifteen (15-) minute breaks are compensable as hours worked under the FLSA and/or U.S. Department of Labor regulations.

27. Upon information and belief, Defendant instructs Plaintiffs, and those similarly situated, not to enter their actual time into RAPIDS if such time exceeds forty (40) hours per week, except on limited occasions, such as when they have worked extra hours during a City of Richmond Tax Amnesty event.

## REPRESENTATIVE ACTION ALLEGATIONS

28. Plaintiffs file this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as representative plaintiffs on behalf of themselves and similarly situated current or former full-time employees of the Department of Finance who were paid on an hourly basis ("Putative Plaintiffs").

29. Plaintiffs each consent to become a party plaintiff in this representative FLSA action, as evidenced by each Plaintiff's "Consent to Opt-In and Become Party to Collective Action under 29 U.S.C. § 216," filed as an exhibit hereto.

30. Defendant compensated, and continues to compensate, Plaintiffs on a uniform compensation basis common to Plaintiffs and other persons performing similar job functions.

31. At all relevant times, Plaintiffs, and those similarly situated, were subject to the same official pay policy whereby such Plaintiffs were suffered or permitted to work in excess of 40 hours per week without receiving full overtime compensation for all hours worked as a result

of Defendant's unlawful practices including but not limited to:

    a. Deducting time from the employees' shift each day for a lunch break, regardless of whether or not such employees actually took an uninterrupted lunch break;

    b. Arbitrarily limiting the overtime pay for employees based on a "maximum" allowed number of recorded work hours per week, regardless of whether or not such employees' actual time worked exceeded such limits; and

    c. Failing to compensate employees who worked in Public Service Areas for opening and closing duties they were required to perform before 8:00 am and after 5:00 pm.

32. The City and its supervisors knew or should have known that Plaintiffs were performing work for the City's benefit before 8:00 am, during lunch breaks, and after 5:00 pm.

33. At all times relevant hereto, Defendant intended to deprive Plaintiffs of the overtime pay to which they were entitled under the FLSA, or acted with reckless disregard for Plaintiffs' rights under the FLSA.

34. Defendant employs, and has employed multiple persons in the same job functions and/or positions as Plaintiffs and Putative Plaintiffs occupy.

35. These employees perform, and have performed, functions which entitle them to the payment of overtime compensation.

36. These employees have been denied overtime wages in violation of the FLSA.

37. On information and belief, Defendant's pay, administrative, recordkeeping, and supervisory operations are centrally managed as a single enterprise.

38. Plaintiffs assert that Defendant's willful disregard of the overtime laws described herein entitles Plaintiffs and similarly situated employees to the application of the three (3) year

limitations period.

39. At all times relevant hereto, Defendant was a "public agency" as that term is defined by 29 U.S.C. §§ 203(e)(2)(C) and 203(x).

40. At all relevant times, Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

41. Plaintiffs and Putative Plaintiffs are those paid on an hourly basis and as such are specifically not exempt from the coverage of the FLSA.

42. There is one proposed FLSA "collective" or "class" of similarly situated employees, composed of all present and former hourly employees of Defendant's Finance Department who are or were subject to the same pay practices, and have been employed within three (3) years of the date of the filing of this action.

43. The proposed "collective" or "class" is defined as:

> current or former hourly (non-salary) employees of the Finance Department who worked in excess of 40 hours per week within the past three years, including but not limited to any employee who worked in a Public Service Area, and any Putative Plaintiff holding any of the following job titles: Administrative Assistant, Administrative Project Analyst, Contract Specialist, Cashier, Tax Enforcement Officer, Account Specialist, Financial Regulatory Technician, Customer Service Representative, Customer Care Call Center Representative, Tax Representative, or any similar such title.

44. Upon information and belief, these representative job titles are classified as non-exempt by the Defendant.

45. All or most of Defendant's employees performing functions similar to the Putative Plaintiffs are subject to common, uniform time-keeping and payroll practices, including the automatic deduction of time for a lunch break, regardless of whether or not the employee takes an uninterrupted break for lunch, and the exclusion of time spent working before and after the City's opening and closing public office hours of 8:00 am and 5:00 pm, respectively.

46. Plaintiffs, and those similarly situated, perform similar job functions, in that they are or were required to interact with and serve the City of Richmond's citizens and its businesses through in-person, electronic and/or telephonic customer service.

47. Defendant compensated, and continues to compensate, Plaintiffs and Putative Plaintiffs on a uniform compensation basis common to hourly (non-salary) employees of the Finance Department.

48. At all times relevant hereto, Defendant intended to deprive Plaintiffs of the overtime pay to which they were entitled under the FLSA, or acted with reckless disregard for Plaintiffs' rights under the FLSA.

### COUNT I - Violation of the FLSA, 29 U.S.C. § 207
### Failure to Pay Overtime Compensation

49. Plaintiffs incorporate the allegations contained in the foregoing paragraphs as if fully set forth herein.

50. At all times relevant hereto, Plaintiffs were "employees" of the Defendant, as that term is defined by 29 U.S.C. §203(e)(1).

51. At all times relevant hereto, the Defendant was an "employer" of the Plaintiffs as that term is defined by 29 U.S.C. §203(d).

52. At all relevant times hereto, Plaintiffs were not exempt from the overtime pay requirements of the FLSA and were entitled to receive overtime pay under the FLSA for all time worked beyond forty (40) hours in a workweek.

53. Defendant failed to pay Plaintiffs their overtime rate of pay for the time they worked beyond forty (40) hours in a workweek.

54. At all times relevant hereto, Defendant was aware of the overtime requirements of the FLSA.

55. At all times relevant hereto, Defendant knew or should have known that Plaintiffs were hourly (non-salary) employees and as such were entitled to the overtime pay requirements of the FLSA.

56. At all times relevant hereto, Defendant knew or should have known that Plaintiffs were working more than forty (40) hours in a work week without receiving overtime pay for those overtime hours worked.

57. Defendant knew or should have known that Plaintiffs were directed by supervisors not to report more than 40 hours per week or 80 hours per week into the City's RAPIDS system, to enter a "lunch break" into RAPIDS even if Plaintiffs worked through such periods, and/or that supervisors rejected Plaintiffs' attempts to so report overtime.

58. Defendant's knowing and intentional failure to pay overtime compensation to Plaintiffs was willful and not in good faith.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully pray that this Court award the following relief:

a. an order conditionally certifying a group Putative Collective Action Members and approving a notice to be sent to all such class members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

b. money damages for all unpaid overtime compensation;

c. liquidated damages in an amount equal to the award of damages pursuant to 29 U.S.C. § 216(b);

d. pre-judgment and post-judgment interest;

e. entry of a declaration that the Defendant violated Plaintiffs' rights under the Fair

    Labor Standards Act by failing to compensate them for overtime hours worked on behalf of the Defendant;

f. an order permanently enjoining Defendant from prospectively violating the FLSA with respect to Plaintiffs and the Putative Collective Action Members and similarly situated employees;

g. injunctive relief ordering Defendant to come into compliance with the FLSA with respect to all Richmond Department of Finance employees who do not supervise two or more employees and who are currently treated by Defendant as non-exempt from overtime;

h. attorneys' fees and costs incurred in bringing this action; and

i. any and all further relief as permissible by law.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury for any and all issues proper to be so tried.

    Respectfully,

    TYRUS YERBY and
    ADRIENNE WEBSTER,
    on behalf of themselves and others
    similarly situated,

    By Counsel

/s/ Nichole Buck Vanderslice
Nichole Buck Vanderslice (VSB #42637)
*Email: nvanderslice@nbvlaw.com*
LAW OFC OF NICHOLE BUCK VANDERSLICE, PLLC
9019 Forest Hill Avenue, Suite 2C
Richmond, VA 23235
Telephone: 804.272.2920

and

/s/ Craig Juraj Curwood
Craig Juraj Curwood (VSB No. 43975)
Email: *ccurwood@curwoodlaw.com*
CURWOOD LAW FIRM, PLC
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777

*Counsel for Plaintiffs*